IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02289-BNB

RICHARD MARTINEZ,

      Plaintiff,

v.

ALLEN STANLEY,
PEGGY HEIL, and
JOHN SUTHERS,

      Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR - 1 2006

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Richard Martinez is a prisoner in the custody of the Colorado Department of Corrections (D.O.C.) who was incarcerated at the Bent County Correctional Facility in Las Animas, Colorado, when he initiated *pro se* the instant civil rights complaint pursuant to 42 U.S.C. § 1983 (2003), and 28 U.S.C. § 1343(a)(3) (1993). He since has informed the Court that he is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. He asks for the restoration of lost earned-time credits. He also asks for habeas corpus relief, i.e., a statutory discharge or to be placed on parole without having to attend a sex offender treatment program.

The Court must construe the complaint liberally because Mr. Martinez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file an amended complaint pursuant to 42 U.S.C. § 1983. He also will be

directed to assert his claims seeking habeas corpus relief in a separate habeas corpus action pursuant to 28 U.S.C. § 2241 (1994).

Mr. Martinez alleges that he was convicted of a sex offense in 1982. He further alleges that in November 2000 he was classified as a sex offender at the Denver Reception and Diagnostic Center. He asserts three claims. In his first claim, he attacks his sex-offender classification as it relates to the conditions of his prison confinement. He alleges that because of his sex-offender classification he has been denied privileges and inhibited in his ability to accumulate earned-time credits. He contends that because he does not meet the criteria for sex-offender treatment he only has been able to earn seven days of earned-time credits a month instead of ten days a month and that he cannot progress to community corrections. He complains that he is unable to participate in any D.O.C. activities or programs or be employed in jobs in which women are present. He also makes general allegations that he was placed in a level-three facility and was unable to progress to lower-security facilities with more privileges. He complains that he is unable to visit with his nieces and nephews under eighteen years old, that he is not permitted to have reading material showing nudity, and that he is not allowed to hug women church members who enter his prison facility.

In his second and third claims, he attacks how his parole has been affected by his sex-offender classification. As his second claim, he asserts that his first two parole plans were denied for reasons related to his sex-offender classification, and that he was forced to be paroled to Pueblo, Colorado, where he knew no one. As his third claim, he argues that he was forced into a sex-offender treatment program causing a violation of his parole. In support of this claim, he contends that because he did not report to

2

Pueblo, his parole was revoked and he was forced to take the sex-offender treatment program. He further alleges that because he was unable to attend parole meetings and report to his parole officer, he lost his job, which was a condition of his parole, and he was unable to pay restitution, rent, or parole fees. He contends that he is serving nine and a half years of imprisonment on a four-year sentence. He further contends that he served forty-two months of his forty-eight-month sentence before being released on mandatory parole.

The Court finds that only Mr. Martinez's first claim attacks the conditions of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). His second and third claims attack his parole and are better asserted in an action pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief. A claim asserted by a state prisoner who is challenging the execution of a sentence, rather than the validity of a conviction and/or sentence, properly is brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000).

Mr. Martinez will be directed to file an amended complaint pursuant to 42 U.S.C. § 1983 that asserts the claims challenging the conditions of confinement. He also will be directed to allege clearly what, if any, constitutional rights he believes were violated. Merely making vague and conclusory allegations that his or her rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the Court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded

factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. In the

amended complaint he will be ordered to submit, Mr. Martinez must allege, simply and

concisely, his specific claims for relief, including the specific rights that allegedly have

been violated and the specific acts of each Defendant that allegedly violated his rights.

In addition, Mr. Martinez must assert clearly each Defendant's personal

participation in the alleged constitutional violations. Personal participation is an

essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show

that each defendant caused the deprivation of a federal right. *See Kentucky v.

Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

alleged constitutional violation and each defendant 's participation, control or direction,

or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993). A defendant may not be held liable merely because of his or her supervisory

position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v.

Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Martinez is advised that he must provide sufficient copies of the amended

complaint to serve each named Defendant. The Court will not make the copies

necessary for service. Therefore, Mr. Martinez should review his claims carefully to

ensure that each named Defendant personally participated in the asserted

constitutional violations.

Mr. Martinez also will be directed to assert his claims seeking habeas corpus relief

in a separate habeas corpus action pursuant to 28 U.S.C. § 2241, if he wishes to pursue

those claims. Mr. Martinez is reminded that he is required to exhaust state remedies

4

regarding his claims before seeking federal intervention. *See Montez*, 208 F.3d at 866.

The exhaustion requirement is satisfied once the federal claim has been presented

fairly to the highest state court. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A

state prisoner bringing a federal habeas corpus action bears the burden of showing that

he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392,

398 (10th Cir. 1992).  Accordingly, it is

ORDERED that Mr. Martinez file an amended complaint **within thirty (30) days from the date of this order** that complies with the particulars of this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed **within thirty (30) days from the date of this order** with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589.  It is

FURTHER ORDERED that if Mr. Martinez fails to file an amended complaint to the Court's satisfaction **within thirty (30) days from the date of this order**, the complaint shall be denied and the action shall be dismissed without further notice.

DATED March 1, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
 United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02289-BNB

Richard Martinez
a/k/a Ralph Martinez
Prisoner No. 46209
Fremont Corr. Facility
PO Box 999
Canon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/1/06

GREGORY C. LANGHAM, CLERK

By: _____
                     Deputy Clerk